## CLAGUE *vs.* CITY BANK.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

A bank or other institution taking a security bond from its cashier or other officer, cannot be compelled to cancel and surrender it to the maker, on his resignation and settlement of his accounts, even when they are found correct, and the effects, money and all belonging to the office are delivered over to his successor.

The bank may hold the security bond of its cashier after his resignation and the settlement of his accounts, as an indemnity, should it be afterwards discovered that his conduct, while in office, had occasioned any injury to the institution.

The prescription of three years, elapsing after his resignation, does not extinguish the obligation of a cashier's bond; and, until it is prescribed against, the bank may hold the bond as an indemnity.

This is an action by the plaintiff, against the president and directors of the City Bank of New-Orleans, to compel them to cancel and return to him a security bond, which he gave while cashier of said bank, in the sum of fifty thousand dollars. He alleges, that in October, 1832, he resigned the office of cashier, and handed over to his successor all that ever came into his hands, belonging to said bank, and that all his accounts were found to be correct, by the president and directors thereof; wherefore he prays judgment that his bond be cancelled and returned to him.

The bank refused his demand, and pleaded a general denial.

The district judge, after examining the case on these pleadings, was of opinion the plaintiff could not compel a compliance with his demand.

Judgment dismissing the suit being rendered against the plaintiff, he appealed.

*Hennen,* for the plaintiff and appellant.

1. The only question in this case is, whether the security bond of plaintiff can be cancelled, on showing that his account and official acts, as cashier, have been examined and found correct by the bank.

2. The plaintiff has an interest for himself and the sureties that his bond should be cancelled and returned, in order that his sureties be released. This interest gives him the right to demand it of the bank.

3. There is no cause shown to the contrary. His account is correct, his official acts and conduct have been approved, and his contract under the bond performed. The bond is, therefore, null and void as respects the purposes for which it was given, and the bank should not withhold it.

*De Armas,* contra.

1. The bond is the property of the bank, and they have a right to hold it for their further security.

2. Although nothing has occurred in the conduct of the plaintiff, as cashier, which can be imputed to him as incorrect, yet, hereafter, reasons might arise which would render him responsible.

*Martin, J.,* delivered the opinion of the court.

This is an application to cancel a security bond. The plaintiff having been appointed cashier of the City Bank of New-Orleans, gave his bond, according to the requisitions of the charter, for the faithful discharge of the duties of his office. Three years ago he resigned his office. He now seeks, in this suit, to have his bond cancelled, on an allegation that it appears from the books of the bank, that all his accounts have been examined and found correct, and that he surrendered to his successor every thing he had in his possession as cashier. The District Court dismissed his petition. From this judgment he has appealed to this court.

The judge of the District Court came to the conclusion, and we think correctly, that he could not legally compel the bank to surrender the evidence of the obligation of the sureties

EASTERN DIST.
*March,* 1835.

CLAGUE
*vs.*
CITY BANK.

A bank or other institution taking a security bond from its cashier or other officer, cannot be compelled to cancel and surrender it to the maker, on his resignation and settlement of his accounts, even when they are found correct, and the effects, money and all belonging to the office, are delivered over to his successor.

The bank may hold the security bond of its cashier, after his resignation and the settlement of his accounts, as an indemnity, should it be afterwards discovered that his conduct, while in office, had occasioned any injury to the institution.

EASTERN DIST. of the plaintiff, taken to indemnify it, should it thereafter be
March, 1835. discovered that the conduct of the plaintiff had occasioned

The prescrip- relieve his friends from the responsibility they have incurred
tion of three
years elapsing for him.    But those who direct the affairs of the bank are
after his resigna- bound to protect the rights of those who have confided in
tion, does not
extinguish the them.    Three years only have elapsed since the plaintiff's
obligation of a
cashier's bond; resignation.  Prescription cannot be said to have extinguished
and, until it is the obligation of which his bond is the evidence.    At what
prescribed a-
gainst, the bank period this may be the case, is a question to be examined
may hold the
bond as an in- when it will be presented for the consideration and decision
demnity. of this court.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be affirmed, with costs.